IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TERRY STOKES                                    *
c/o Kisner Law
8401 Corporate Drive, Suite 650                 *
Hyattsville, MD 20785
    *Plaintiff*                                    *

v.                                              *

KOKOMO SUITES                                   *        Civil Action No.:
7300 Coastal Highway
Ocean City, MD 21842                            *
    *Defendant*
                                                *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## COMPLAINT

COMES NOW, the Plaintiff, Terry Stokes, by and through his attorney, Jason D. Kisner, Esquire and Kisner Law, LLC, brings suit against the Defendant, Kokomo Suites, and as grounds, therefore, hereby states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 as the parties are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

2. Venue is proper in this Court under 28 U.S.C. §1391 as the events giving rise to this claim occurred in Worcester County, Maryland, within the jurisdiction of the United States District Court for the District of Maryland.

### PARTIES

3. Plaintiff, Terry Stokes, is an individual and resident of Pennsylvania.

4. Defendant, Kokomo Suites, is a business entity, with its principal place of business in Maryland.

5. At all times relevant to this matter, Defendant owned, operated, maintained or otherwise controlled the premises located at 7300 Coastal Hwy, Ocean City, MD 21842 (hereinafter referred to as "the Premises").

<b>FACTS COMMON TO ALL COUNTS</b>

6. On or about July 24, 2022, Plaintiff was vacationing with his family in Ocean City, Maryland. He was lawfully present with his family at the Premises, specifically in the area near the swimming pool, as an invitee.

7. Plaintiff emerged from the swimming pool and was walking towards an area to retrieve his towel. While walking through the area, Plaintiff slipped and fell due to a dangerous accumulation of sludge, water, and other debris which had built up near a drain located adjacent to the pool.

8. The buildup of sludge and debris created a hazardous and slippery condition that posed an unreasonable risk of harm to individuals lawfully using the pool area. In addition to this risk, dried paint covered the drain holes thus not allowing sludge, water, and debris to drain through the intended drain holes.

9 The dangerous condition was caused by improper maintenance of the pool area and the failure of the drainage system to properly divert water and other substances, resulting in a buildup of sludge and debris.

10. The Defendant knew or should have known about the hazardous condition, as it was a recurring issue or had been present for an extended period prior to the Plaintiff's accident.

11. Despite knowing or having reason to know of the dangerous condition, Defendant failed to adequately warn the Plaintiff of the hazard or to remedy the condition, creating an unsafe environment for lawful guests.

12. As a direct and proximate result of Defendant's negligence, Plaintiff slipped and fell, sustaining severe personal injuries, including but not limited to his shoulder.

**COUNT I NEGLIGENCE (PREMISES LIABILITY)**

13. Plaintiff incorporates by reference all preceding paragraphs as if fully stated herein.

14. Defendant, as the owner and occupier of the Premises, owed a duty of care to individuals lawfully present, including Plaintiff, to keep the premises reasonably safe, to inspect the Premises for potential hazards, and to remedy or warn of any dangerous conditions.

15. Defendant breached this duty by failing to: 1) Inspect the pool area and surrounding areas for hazardous conditions such as sludge buildup; 2) Properly maintain the drainage system by cleaning the sludge and repairing the drain system; and 4) Provide adequate warning signs or barriers to prevent individuals from encountering the hazardous condition.

16. As a direct and proximate result of Defendant's breach of duty, Plaintiff has endured immense pain and suffering, including but not limited to an injury to his shoulder, medical expenses, and additional damages.

**DAMAGES**

17. As a result of Defendant's negligence, Plaintiff has suffered and will continue to suffer the following damages: 1) Physical pain and suffering; 2) Mental anguish and emotional distress; 3) Past and future medical expense; 4) Loss of earnings and earning capacity; 5) Loss of enjoyment of life; and 6) Additional damages to be proven at trial.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in Plaintiff's favor and against Defendant as follows:

1. For compensatory damages in an amount in excess of $75,000.00 to be determined at trial;

2. For pre-judgment and post-judgment interest allowed by law;

3. For the costs and expenses of this action including reasonable attorney's fees, as allowed by law; and

4. For such other and further relief as this Court deems just and proper.

_____
Jason D. Kisner, Esq.
CPF# 1402060005
Kisner Law, LLC
8401 Corporate Drive, Suite 650
Hyattsville, MD 20785
jason@jasonkisnerlaw.com
(240) 459-0097
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

_____
Jason D. Kisner, Esq.
*Attorney for Plaintiff*